The judgment of the supreme court should be affirmed.

All the judges concurred in affirming the judgment.

Judgment affirmed.

## CROMMELIN *v.* THE NEW YORK & HARLEM RAILROAD COMPANY.

### December, 1868.

Affirming 10 *Bosw.* 77.

· The inconvenience to a railroad company, from goods being left in their freight cars standing in the public highway, during the unreasonable delay of the consignee to remove the goods, constitutes only a claim in the nature of demurrage ; and the company have no lien on the goods for the payment thereof.

William H. Crommelin sued defendants in the New York superior court, to recover possession of certain blocks of marble of his, which he alleged they wrongfully detained from him.

Plaintiff was a stone cutter, accustomed to have marble brought over defendants' road. Defendants made a regulation, of which plaintiff had knowledge, that in addition to the freightage, one dollar a day would be charged by them for the use of each car in which the marble was left, after it had remained forty-eight hours at the depot. In October, 1860, three cars, containing the blocks in question, were brought to New York by the defendants' trains, and plaintiff was notified by defendants of the arrival, and of the charge that would be made. He testified that he received this notice on the 17th. The agent of the company testified that the marble arrived on or about the 11th, and that plaintiff was notified on the 12th.

The cars stood until the 23rd, on the track in the Fourth-avenue, in the city of New York. During this period plaintiff paid the freight, but defendants refused to deliver the marble without payment of three dollars per day additional. Hence this action. The judge instructed the jury, in effect, that the company had a lien for the extra charge, and the jury accordingly found for defendants.

*The superior court,* on appeal, held, for substantially the same reasons as those assigned in the following opinion, that there was no lien; citing, besides other cases, Lambert *v.* Robinson, 1 *Esp.* 119, and *Whittaker on Liens,* 2. (Reported in 10 *Bosw.* 77.) Defendants appealed.

*C. W. Sandford,* for defendants, appellants;—Cited Morgan *v.* Congdon, 4 *N. Y.* (4 *Comst.*) 552; 3 *Maule & S.* 168; 5 *Id.* 180; Schmidt *v.* Blood, 9 *Wend.* 268; *Whittaker on Liens,* 2.

*Samuel Hand,* for plaintiff, respondent;—Cited Fisk *v.* Newton, 1 *Den.* 45; *Ang. on Car.* §§ 391, 313, 383; Gibson *v.* Culver, 17 *Wend.* 311; Quiggin *v.* Duff, 1 *Mees. & W.* 173: 2 *Kent,* 604; Revaro *v.* Ghio, 3 *E. D. Smith,* 264; *Add. on Cont.* 850; Jackson *v.* Cummins, 5 *Mees. & W.* 342; Birley *v.* Gladstone, 3 *Maule & S.* 205; *Abb. on Shipp.* 6 Am. ed. 365; Lambert *v.* Robinson, 1 *Esp.* 119.

HUNT, Ch. J.—It is to be assumed from the evidence and from the finding of the jury, that the plaintiff had received notice on October 12, 1860, of the arrival of his marble. It is to be further assumed, although the evidence was contradictory on that point, that the plaintiff had been informed by the agent of the defendants, that a charge would be made for the detention of the cars longer than forty-eight hours. Had an action been brought to recover the damages or the agreed price for this detention, it would, upon these facts, have been sustainable.

The legal question here is, had the defendants a lien upon the marble for the delay in taking it, which justified their refusal to deliver it. That the defendants had a lien for the

*freight* of the marble is not denied   The plaintiff conceded it, and paid the amount before demanding the marble.   The lien of an innkeeper or of a common carrier, is well established.   So, the principle is well established generally, that every bailee who bestows labor, care or skill upon an article entrusted to his possession, may retain the article until the amount due to him for such care, labor or skill, shall be paid.   The watch repairer, the blacksmith and the tailor are the instances usually cited by way of illustration.   On the other hand, A., being stable-keeper or an agister of cattle, has no such lien.   He must deliver the horses or the cattle to the owner upon demand, and seek his remedy upon his contract.   Allen *v.* Chapman, *Croke Car.* 271; Blake *v.* Nicholson, 3 *Maule & S.* 167; Jackson *v.* Cummins, 5 *Mees. & W.* 342; Pinney *v.* Wells, 10 *Conn.* 104; Grinnell *v.* Cook, 3 *Hill*, 485; Morgan *v.* Congdon, 4 *N. Y.* 522. In the present case the marble was not deposited in any warehouse or place of storage.   The character of a warehouseman, or any liability for its protection or storage, after forty-eight hours, was expressly disclaimed by the defendants, in their notice of October 12.   It was never removed from the cars, but remained upon them in the public highway, until after the plaintiff had demanded its delivery to him.   The defendants insist, that by the goods being left upon their cars, and by the delay of the plaintiff to remove them within forty-eight hours after their arrival, injury, inconvenience and expense was suffered by them.   This is quite probable.   It constitutes, however, a claim in the nature of demurrage, and does not fall within the principle of those transactions, which gives a lien upon the goods.   It is a breach of contract simply, for which, as in case of a contract in reference to pilotage or port charges, the party must seek his redress in the ordinary manner.   *Abb. on Shipp.* 286; Birley *v.* Gladstone, 3 *Maule & S.* 205.

The order of the general term directing a new trial must be affirmed and judgment absolute is ordered for the plaintiff, and a writ of inquiry should issue to the sheriff of New York to assess the damages, unless the same shall be agreed upon by the parties.

CLERKE, J., also expressed the opinion that the use of the

cars while standing in the street was not storage, and gave no lien for the charge therefor.

A majority of the judges concurred.

Order affirmed, with costs, and judgment absolute for plaintiff.